timate friends, who supported his alibi, made no mention of the mustache. No reason is given in the motion for the failure to produce the new witnesses at the trial. They were both neighbors. If the appellant wore no mustache, he knew that fact, and, in the absence of some degree of diligence to bring witnesses to prove it, he manifestly does not bring himself within the rules of law governing a motion for new trial upon the ground that new evidence has been discovered. See Code of Crim. Proc., art. 837, subd. 6, and cases listed in Vernon's Tex. Crim. Stat. vol. 2, p. 777. Among these are Burns v. State, 12 Tex. App. 269; Reagan v. State, 28 Tex. App. 227, 12 S. W. 601, 19 Am. St. Rep. 833; Bruce v. State, 31 Tex. Cr. R. 590, 21 S. W. 681; Wheeler v. State, 34 Tex. Cr. R. 350, 30 S. W. 913; Jackson v. State, 81 Tex. Cr. R. 597, 196 S. W. 826; Coursey v. State, 82 Tex. Cr. R. 272, 199 S. W. 1091; Lewis v. State, 82 Tex. Cr. R. 285, 199 S. W. 1091; Williams v. State, 83 Tex. Cr. R. 26, 201 S. W. 188; Morgan v. State, 82 Tex. Cr. R. 615, 201 S. W. 654; Johnston v. State, 86 Tex. Cr. R. 276, 216 S. W. 192; Jones v. State, 89 Tex. Cr. R. 355, 231 S. W. 122.

Finding no error in the record, the judgment is affirmed.

---

## WHITING v. STATE. (No. 7521.)

(Court of Criminal Appeals of Texas. Nov. 29, 1922.)

Appeal from Criminal District Court, Tarrant County; George E. Hosey, Judge.

B. H. Whiting, alias Burton McLean, was convicted of swindling, and he appeals. Appeal dismissed.

R. G. Storey, Asst. Atty Gen., for the State.

MORROW, P. J. Conviction is for the offense of swindling; punishment fixed at confinement in the penitentiary for a period of two years.

Upon the request of the appellant, embraced in his affidavit filed in this court, the appeal is dismissed.